IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. CASITY, JR., on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CLEAR CONNECTION CORPORATION,<br><br>　　　　　Defendant.<br>_____ | 2:10-cv-2800-GEB-DAD<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

　　　　　The March 8, 2011 Order scheduled a status conference in this case on October 17, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. (ECF No. 17.) The August 16, 2011 Minute Order confirmed that "[t]he status hearing scheduled to commence at 9:00 a.m. on October 17, 2011, remains on calendar." (ECF No. 33.) No status report was filed as ordered.

　　　　　Therefore, Plaintiff and Defendant are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on October 21, 2011, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also

1

state whether the parties or their counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on December 12, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

        IT IS SO ORDERED.

Dated:  October 7, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).