IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. CASITY, JR., on behalf )
of himself and all others      )      2:10-cv-02800-GEB-DAD
similarly situated,            )
                               )
                Plaintiffs,    )      ORDER RE: SETTLEMENT AND
                               )      DISPOSITION; STATUS
        v.                     )      REPORT/CONFERENCE; OSC MATTER
                               )
CLEAR CONNECTION CORPORATION,  )
                               )
                Defendant.     )
_____ )

The parties state in their "Joint Status Report" filed on November 28, 2011: "the parties have reached a settlement in principle and intend on reducing the settlement to writing and stipulating to a dismissal of the action." (Joint Status Report 3:9-11, ECF No. 38.)

Therefore, a dispositional document shall be filed no later than December 19, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on December 12, 2011, is continued to February 13, 2012, commencing at 9:00 a.m., in the event no dispositional document is filed, or if this action

is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the Status Conference.

Further, the attorneys' joint response to the October 7, 2011 OSC does not address the Rule 16(f) sanctions standard under which the OSC issued, and is insufficient to avoid exposure to sanctions. See Ayers v. City of Richmond, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (upholding sanction where counsel failed to appear for a settlement conference because the date "slipped by him"); Ikerd v. Lacy, 852 F.2d 1256, 1258-59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions under Rule 16 . . . ."). "It is incumbent upon an attorney practicing in [federal court to] know what is expected by the court, . . . and the consequences inherent in noncompliance." Dela Rosa v. Scottsdale Memorial Health Sys., Inc., 136 F.3d 1241, 1244 (9th Cir. 1998). Nevertheless, sanctions will not be imposed this time; however, counsel should be attentive to Rule 16 filing requirements because "[t]he cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure[.]" Id.

IT IS SO ORDERED.
Dated:  December 6, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1]   The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).