IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES L. CASITY, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR CONNECTION CORPORATION,<br>Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

2:10-cv-02800-GEB-DAD

ORDER DISMISSING ACTION WITH PREJUDICE

On December 16, 2011, the parties in this action filed a STIPULATED JUDGMENT AND ORDER, in which this case is dismissed with prejudice and the Court retains jurisdiction "for purposes of modification or enforcement of this final Stipulated Judgment and Order." However, the parties have not shown that their settlement is the type of settlement over which jurisdiction should be exercised. "A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it." Collins v. Thompson, 8 F.3d 657, 659 (9th Cir. 1993), cert. denied, 511 U.S. 1127(1984); Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996)(stating "the mere fact that the parties agree that the court should exercise continuing jurisdiction [over their settlement agreement] is not binding on the court[;]" and "the district court was under no obligation to . . . retain continuing jurisdiction over [settlement] agreements"). Nor have

the parties provided reason for entry of judgment.  Since the parties have not provided sufficient justification for entry of judgment, and for the court to assume jurisdiction over their settlement, these requests are denied.

Further, since the parties have settled this action and request that this action be dismissed with prejudice, this action is dismissed with prejudice.  See <u>Oswalt v. Scripto, Inc.</u>, 616 F.2d 191, 195 (5th Cir. 1980) (stating "[n]or are we deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by the [the parties]," in the situation where it is obvious that is what the parties intended).

Therefore, the Clerk of the Court shall close this action.

Dated:  December 20, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge